IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZIPPORAH JOHNSON,<br><br>         *Plaintiff.*<br><br>v.<br><br>COURTNEY SANDERS, JOMAINE SANDERS, and THE COURTNEY SANDERS COMPANIES, LLC.<br><br>         *Defendants.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

COMES NOW, Plaintiff Zipporah Johnson ("Plaintiff" or "Johnson") and files this Original Complaint against the Defendants Courtney L. Sanders, Jomaine Sanders, and The Courtney Sanders Companies, LLC and shows the Court as follows:

**I.**

**NATURE OF ACTION**

1. This is an action seeking payment of damages due to the unlawful treatment that Plaintiff Zipporah Johnson was subjected to while working for Courtney L. Sanders, Jomaine Sanders, and the Courtney Sanders Company, LLC.

2. Defendants caused damages including but not limited to unpaid minimum and overtime wages, which are due to Johnson under Federal and Texas law.

3. At all times relevant to this litigation, the Plaintiff worked jointly for Defendants Courtney Sanders, Jomaine Sanders, and Courtney Sanders Company, LLC (hereinafter "Defendants"), performing job duties including nanny, housekeeper, cook, personal assistant, and general helper.

4. While Plaintiff worked in the Sanders family home performing primarily domestic duties, she was paid by Defendant Courtney Sanders Company, LLC.

5. Defendants failed to pay compensation owed to the Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., Texas Pay Day Laws.

6. For some weeks, the Defendants failed to pay the Federal and Minimum wages owed to the Plaintiff under the FLSA, in violation of 29 U.S.C. § 206(a)(1)(C).

7. During some weeks, Defendants failed to pay the minimum wage owed to the Plaintiff under the laws of Texas in violation of Texas Pay Day Law.

8. Defendants failed to pay overtime compensation owed to the Plaintiff for hours worked more than 40 per workweek, in violation of 29 U.S.C. § 207.

9. Defendants made unlawful deductions from Plaintiff's pay in violation of the Texas Payday Law Section 61.018.

10. Defendants created a hazardous condition on their stairs which caused Plaintiff to fall and injure herself. Plaintiff suffered personal injuries and damages due to Defendants negligent conduct.

11. Defendants intentionally inflicted emotional distress upon Plaintiff during her work with them.

## II.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the United States District Court for the Southern District of Texas Houston Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III.

### PARTIES

14. Plaintiff Zipporah Johnson is an individual residing in Katy, Texas 77450.

15. Defendant Courtney L. Sanders is an individual and a self-described "seven-figure business expert" residing in Houston, Texas 77450.

16. Defendant Jomaine Sanders is an individual and business executive residing in Houston, Texas 77450.

17. Defendant Courtney Sanders Company, LLC is a Texas Limited Liability Company with its principal place of business at 16225 Park Ten Place, Houston, Texas 77084.

### IV.

### FACTS

18. Plaintiff began working for Defendants on or about December 21, 2022, as a nanny/housekeeper/general household helper.

19. Defendant Courtney Sanders proclaims throughout her social media that she is a business expert earning more than one million dollars per year coaching individuals to be their best selves. At all relevant times, in addition to Plaintiff, Defendants employed a household staff including at least a dedicated housekeeper, chef, nanny, and personal assistant.

20. Defendants originally agreed to pay Plaintiff $16.00 for each hour worked. However, they appreciated Plaintiff's efforts and quickly gave her a raise, so she should have been paid $18.00 per hour.

21. However, Defendants never intended to pay Plaintiff for the hours she worked. At all times, Defendants were fully aware that Plaintiff worked many hours for which she was not paid.

22. On many occasions, Plaintiff worked for days straight, including overnights, without breaks and without being paid. Despite the stated hourly rate, she was not paid for hundreds of hours that she worked for Defendants.

23. Plaintiff also ran errands for Defendants after hours and without being paid.

24. Plaintiff was essentially required to be available to ensure Defendants' needs were met 24 hours daily.

25. When Defendants did pay, they attempted to obfuscate their violation of Texas and Federal wage and hour laws by paying the Plaintiff using a combination of methods, including Gusto and CashApp.

26. Further, Defendants attempted to confuse their pay systems by requiring Plaintiff to use different methods to report hours, including texts and emails.

27. Defendants did not pay Plaintiff for many hours that she worked for them.

28. Defendants deducted money from Plaintiff's pay without written authorization.

29. Defendants caused Plaintiff personal injury by unsafely blocking the stairway with personal items.  Plaintiff came down the stairs with her hands full and did not see the Defendants' personal items blocking the stairs.  Plaintiff tripped on the items causing her to fall.  Since that time, Plaintiff has experienced extreme knee pain that has interfered with her ability to live and work.

30. Defendants knew of the injury but demonstrated no concern. Instead of encouraging her to go to the doctor, Defendants insisted that she ignore the pain and get back to work.

31. Defendants' treatment of Plaintiff was so terrible that it constituted a constructive discharge.

32. Defendants and their representatives subjected Plaintiff to such extreme conduct as to exceed all bounds of decency.

33. Plaintiff's last day of work for Defendants was in February 2024, after Plaintiff was subjected to such extreme and outrageous treatment.

34. Defendants deducted from Plaintiff's pay to allegedly pay for improvements to the Sanders home.

35. Defendants and their representatives treated Plaintiff terribly, yelling at her for no reason, giving her instructions and then yelling at her for following them, shaming her for eating, taking advantage of their superior economic condition by withholding wages when Defendants knew that Plaintiff needed to pay her bills.

36. Defendants intimidated, degraded and insulted Plaintiff on a regular basis.

## V.   COUNT I

### Violation of the FLSA – Minimum Wage

37. Plaintiff re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

38. Upon information and belief, Defendants have not paid the FLSA minimum wage within certain weeks when Plaintiff worked for Defendants.

39. During numerous workweeks, Defendants paid Plaintiff less than the minimum hourly wage of $7.25 per hour required under 29 U.S.C. § 206(a)(1) because they entirely failed to pay Plaintiff for numerous hours worked, bringing her pay below the required minimum wage.

40. Defendants acted willfully or with reckless disregard as to their obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

41. Due to Defendants' unlawful conduct, Plaintiff incurred loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and litigation costs.

## COUNT II

### Violation of the FLSA – Overtime

42. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

43. Defendants are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

44. Defendants suffered or permitted the Plaintiff to work for them within the meaning of 29 U.S.C. § 203(g).

45. Defendants were required under the FLSA, 29 U.S.C. § 207(a), to pay Plaintiff at a rate not less than one and one-half times Plaintiff's regular wage rates for all hours Plaintiff worked in excess of 40 in a workweek.

46. Between December 2022 and the present, Plaintiff at most times worked over 40 hours a week.

47. To date, Defendants have not paid Plaintiff one and one-half times their regular rates for all hours worked by Plaintiff in excess of 40 per week for weeks during the period between December 2022 and February 2024, in violation of the FLSA, 29 U.S.C. § 207(a).

48. At times relevant to this litigation, each Defendant acted willfully or with reckless disregard as to their obligation to pay one and one-half times the Plaintiff's regular rate of pay for hours worked in excess of 40 per week, and, accordingly, the violation was willful for purposes of the FLSA, 29 U.S.C. §§ 255(a) and 260.

49. As a result of Defendants' unlawful conduct, the Plaintiff has incurred a loss of overtime compensation in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

### COUNT III

### Violation of Texas Law– Overtime

50. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

51. As a result of Defendants' unlawful conduct, the Plaintiff has incurred a loss of overtime compensation in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

### COUNT IV

### Negligence

52. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

53. The Defendants were the property owners and occupiers of the home and caused the hazardous condition by placing household items on the staircase. Defendants caused

the hazardous condition, had knowledge of it, or should have known of it if they exercised the level of care a reasonable person would have exhibited

54. Defendants failed to correct the condition and/or failed to warn of the hazard

55. Defendant's conduct caused Plaintiff to fall down the stairs, causing long-term pain, suffering, and injuries to Plaintiff.

56. The injury caused harm to Plaintiff.

57. As a result of Defendants' unlawful conduct, Plaintiff incurred a loss of wages, pain, suffering, attorney's fees, and costs of litigation.

## COUNT V

### Violation of Texas Payday Law Section 61.018 Unlawful Wage Deduction

58. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

59. Defendants unlawfully and without written authorization deducted over $1000.00 from Plaintiffs wages to help Defendants make repairs of their personal home.

60. Such deduction was not authorized or lawful.

61. Such deduction also contributed to Defendants failure to pay Plaintiff amounts owed for overtime and minimum wage under Texas and Federal laws.

62. As a result of Defendants' unlawful conduct, the Plaintiff incurred a loss of wages in an amount to be determined at trial, along with other damages, attorney's fees, and costs of litigation.

## COUNT VI

### Violation of Texas Payday Law Section 61.019 Criminal Failure to Pay Wages

63. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

64. At the time of hiring Plaintiff, Defendants intended to avoid paying Plaintiff her earned wages.

65. Plaintiff demanded that Defendants pay the unpaid wages. Although Defendants admitted knowing that they owed wages to Plaintiff, to this day, Defendants have failed to pay Plaintiff monies it owes to Plaintiff.

66. As a result of Defendants' unlawful conduct, Plaintiff incurred a loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT VII

## CIVIL CONSPIRACY

67. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

68. Defendants conspired to obfuscate Plaintiff's entitlement to minimum wage and overtime payments by developing a system where Plaintiffs tracked hours through various methods and Defendants paid Plaintiff by combining different payment sources, that individually made it appear that Plaintiff worked less than 40 hours.

69. Defendants reached a meeting of the minds on the object and course of that action.

70. One or more unlawful overt acts were taken in pursuance of the object or course of the action.

71. Plaintiff was damaged as a result of that conspiracy.

72. Plaintiff demanded that Defendants pay the unpaid wages. Although Defendants admitted knowing that they owed wages to Plaintiff, to this day, Defendants have failed to pay Plaintiff monies they owe to Plaintiff.

73. As a result of Defendants' unlawful conduct, Plaintiff incurred a loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT VIII

## PREMISES LIABILITY

74. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

75. As owner and occupier of the house located at 2103 Castle Heath Court, Houston, Texas 77450, Defendants had a duty to keep the premises under their control in a safe condition.

76. Defendants owed a duty to Plaintiff, as an invitee onto the property.

77. Defendants had actual and/or constructive knowledge of the danger because they specifically created a danger by placing obstructions on the premises stairway.

78. Defendants' action of placing obstructions on the stairway caused Plaintiff to trip and fall.

79. As a result of Defendants' unlawful conduct, Plaintiff has incurred a loss of wages and other damages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## IX.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

## X.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court grant relief in her favor, and against Defendants [on a joint and several basis], as follows:

(a) Award Plaintiff actual damages, multiple damages, liquidated damages, and prejudgment interest as a result of the wrongful conduct complained of herein;

(b) Award Plaintiff her costs and expenses in this litigation, including reasonable attorney's fees and expert fees;

(c) Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jana M. Ferguson*

THE FERGUSON FIRM
Jana M. Ferguson
Texas Bar No. 24002081
Greenville Avenue
Dallas, Texas 75206
214-507-8152
janaf@fcfirm.com

ATTORNEYS FOR PLAINTIFF